IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **REBECCA SPARKS** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | **4:07-CV-01907-UWC** |
| **MICHAEL J. ASTRUE**, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Rebecca Sparks ("Plaintiff") brings this action for a period of

disability and disability insurance benefits , as well as Supplemental Social

Security Income benefits,  pursuant to Section 205(g) of the Social Security Act,

42 U.S.C. § 405(g), seeking review of the final adverse decision of the

Commissioner of the Social Security Administration ("SSA").

On February 21, 2008, Plaintiff filed a Motion to Remand (Doc. 11)

pursuant to Sentence Six of 42 U.S.C. § 405(g). On March 28, 2008, the

Commissioner filed its Memorandum in Support of the Commissioner's Decision

1

(Doc. 13), in which the Commissioner responded to Plaintiff's remand motion as well as to Plaintiff's Memorandum in Support of Benefits (Doc. 12.)  For the reasons elaborated herein, the Plaintiff's Motion to Remand (Doc. 11.) is due to be GRANTED and the Court is due to **REMAND** the decision denying benefits to the ALR for further consideration pursuant to Sentence Six of 42 U.S.C. § 405(g).

## I. Procedural History

Plaintiff filed an application, through counsel, for Disability Insurance Benefits and SSI  benefits on August 9, 2005, alleging that she became disabled on July 1, 2005.  This application was denied initially and on reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on January 9, 2007and the ALJ denied benefits on April 27, 2007.   Plaintiff's counsel chose not to appeal her cause.  Thus, the Appeals Council denied Plaintiff's pro se appeal on August 15, 2007, making the ALJ's decision the final decision of the Commissioner.  See 20 C.F.R. §§ 404.981, 422.210 (2007).  On October 12, 2007, Plaintiff hired new counsel.  Having timely pursued and exhausted her administrative remedies, Plaintiff filed an action for judicial review in federal district court pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II.  Factual Background

At the time of the hearing, Plaintiff testified that she was forty-one  years old and had a high school education.  Plaintiff's past work experience includes employment as a waitress and food service worker.  According to the ALJ, the Plaintiff specifically described her past work in that field as requiring not more than light exertion, with lifting and carrying being noted to involve objects of not more than ten pounds.  (R. 15.)

Plaintiff worked only intermittently after July 1, 2005, the date of alleged onset of disability (R. 20.)   Plaintiff worked briefly as a cashier and cleaning condominiums; however, those work attempts were of a very short duration and the ALJ found them to be unsuccessful.  (R. 11.)

Plaintiff alleges that she became disabled on July 1, 2005, due to fibroid tumors, depression and anxiety, migraine headaches, back problems, arthritis, wrist and shoulder pain, and stomach problems. (R. 10.)  Plaintiff has taken Loritab, 10 mg every four hours, off and on since 2004, to ameliorate her chief complaint–abdominal pain caused by two ovarian cysts and endometriosis.  (R. 283.)  Surgery was recommended; however, because she lacked insurance, she was unable to afford it.  (R. 277.)

3

**A**.  **Treatment History**

The records evidencing Plaintiff's treatment history are precisely the issue
for the Court to consider in Plaintiff's Motion to Remand.  However, a general
overview of the available medical evidence of record provides insight into
Plaintiff's conditions.

The record includes objective medical evidence that predates her alleged
onset date of July 1, 2005.  For example, the records date as far back as August 26,
1997, when Plaintiff was treated an episode of cellulitis, in which she was
admitted to Walton Regional Hospital.  During this visit, she was prescribed
Lortab (for pain), Xanax (for anxiety), and Rocephin (for the infection).  (R. 98.)

The record further indicates sporadic visits for various complaints,
including the flu, acute abdominal pain, severe headaches, toothaches, and various
musculoskeletal complaints.  (R. 98-134.)  For example, on May 30, 2001,
Plaintiff presented to Dr. Thomas J. Derbes complaining of pain in the neck, left
hand, arm, shoulder, mid back, and right leg.  She was diagnosed with chronic
neck pain syndrome.  (R. 125.)

On September 14, 2004, Dr. Patricia Hambley performed a Gallbladder
Ultrasound on Plaintiff and discovered a 1.3 cm stone within the gallbladder.  (R.
134.)  On January 6, 2005, Plaintiff presented to Gadsden Regional Medical

4

Center complaining of law back pain. (R. 166.)  A few weeks later, on January 27, 2005, Plaintiff was treated in the Emergency Department of Gadsden Regional for a pinched nerve in her neck.  (R. 165.)

On April 25, 2005, she was again treated for a gallstone and for carpal tunnel syndrome.  An examination of her gallbladder showed a large, mobile, shadowing calculus on the order of 1.5 cm.  (R. 177.)  On May 3, 2005, Plaintiff complained of pain associated with gallstones, carpal tunnel syndrome, and her fibroid cysts, and  was examined by Dr. Odeane Connor, who noted that an MRI was warranted for Plaintiff's lower spine whenever Plaintiff could procure insurance.  (R. 184.)  Among other medications, she prescribed Plaintiff Zoloft (for depression).

On March 13, 2006, she presented to the Orthopedic Group complaining of hand pain associated with carpal tunnel syndrome.  Plaintiff was placed in a splint. (R. 209.)  On August 17, 2006, she reported shoulder pain and was given an injection.  (R. 207.)

On November 1, 2006, Plaintiff presented to Dr. Steven Kinsey, who prescribed her Lortab for pain associated with her groin, kidney stones, and endometriosis. (R. 216.)  On November 11, 2006, Plaintiff presented to the South Baldwin Regional Medical Center Emergency Room complaining of severe

5

abdominal pain.  Dr. Randall Scott prescribed her Lortab and advised her to follow

up with her gynecologist in 2-3 days.  (R. 200.)

**B.  ALJ's Decision.**

The ALJ rendered an adverse decision on Plaintiff's claim on April 27,

2007.  To be sure, the ALJ made findings regarding plaintiff's numerous

impairments.  He found that the evidence indicates the claimant has recurrent

gallstones, fibroid cysts, carpal tunnel syndrome, and mild cervical disease,

"impairments that are 'severe' within the meaning of the Regulations . . . ." (R.

12.)  However, the ALJ found these impairments were not severe enough to be

considered disabling.  (R. 12.)

Specifically, the ALJ found that, although the record documents a history of

treatment for gall stones and fibroid cysts, and later for carpal tunnel syndrome

and mild degenerative disc disease, there is no suggestion that those impairments,

individually or in combination, resulted in any significant work related limitations

of functioning over any period of twelve consecutive months. (R. 13.)  The ALJ

did note that the record indicated "various and isolated" diagnoses of anxiety

depression, and insomnia.  (R. 13.)  However, it reflected no history of treatment

by a mental health professional, nor does it establish any significant mental or

emotional symptoms on an ongoing basis.  (R. 13.)

Thus, the ALJ considered all symptoms, including Plaintiff's subjective allegations of pain, in determining whether she retained the residual functional capacity to perform the requirements of her past work.  In doing so, he determined that her subjective allegations were not supported by her treatment history or by the substantial medical findings.  The ALJ pointed to the only specific assessment of her physical capabilities submitted by the consulting physician, who described her as capable of a range of medium work..  Thus, he concluded she was able to return to her past work as a waitress/food service worker.  (R. 15.)

### III.  Controlling Legal Principles

A disability claimant has a heavy, but not insuperable, burden to establish entitlement to benefits.  *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir. 1978). The district court's standard or scope of review is limited to determining whether the substantial evidence support's the Commissioner's decision.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Additionally, the Court must determine whether proper legal standards were applied.  *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) (citing *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987)).

Substantial evidence is more than a scintilla, but less than a preponderance. It is such evidence a reasonable mind would accept as adequate to support a

conclusion.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  In contrast, the

Commissioner's legal conclusions are more closely scrutinized.  "The

[Commissioner's] failure to apply the correct law or to provide the reviewing

Court with the sufficient reasoning for determining that the proper legal analysis

has been conducted mandates reversal."  *Cornelius v. Sullivan*, 936 F.2d 1143,

1145-45 (11th Cir. 1991).

Applicable agency regulations require a sequential evaluation of adult

disability claims.  20 C.F.R. § 404.1520 (1983).  The first consideration is whether

the claimant is working.  If the claimant is working, she is not disabled.  If the

claimant is not working, the Commissioner must determine whether the claimant

suffers from a severe impairment.  If the claimant does not suffer from a severe

impairment, she is not disabled.  If the claimant suffers from a severe impairment,

then the Commissioner must consider whether the claimant meets any of the

listings in 20 C.F.R. pt 404, subpt P, app. 1 ("Listing"), which details

"impairments which are considered severe enough to prevent a person from doing

any gainful activity."  20 C.F.R. § 404.1520(a).  *See Edwards v. Heckler*, 755 F.2d

1513, 1515 (11th Cir. 1985).  If the claimant's medical profile meets the criteria

for an impairment in the "Listing," then the claimant is disabled by law and no

8

further inquiry is necessary.

When a claimant's "severe" impairment does not fall within a Listing, but nonetheless restricts her ability to perform basic work activities, the ALJ must then assess the claimant's residual functional capacity and the range of work activities that the claimant could perform despite his impairments. This evaluation must give consideration to claimant's subjective complaints, accounting for nature of pain, medication, treatment, functional restrictions, claimant's daily activities, and other relevant factors. 20 C.F.R. § 404.1512.

Additionally, pursuant to 20 C.F.R. § 404.1523, the ALJ is required to consider the disabling effect of multiple impairments:

> In determining whether your physical or mental impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all your impairments without regard to whether any such impairments if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medially severe combination of impairments, we will determine that you are not disabled.

The opinions of a treating physician are entitled to substantial or considerable weight by the ALJ unless good cause is shown to the contrary. *McGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). The ALJ or Commissioner

9

must specify what weight is given to a treating physician's opinion and reason for giving it no weight, and failure to do so is reversible error. *Lewis,* 125 F.3d at 1440; *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). The ALJ may give little or no weight to the treating physician's opinion if it is conclusory, inconsistent with the physician's own records, or not supported by objective medical findings. *Phillips v. Barnhart,* 357 F.3d 1232, 1241 (11th Cir. 2004).

Pain alone can be disabling. When a claimant claims disability based solely on pain, a three-part standard is utilized in assessing the credibility of his testimony. The claimant must establish (1) evidence of an underlying impairment; and either (2) objective medical evidence to confirm the severity of pain alleged, or (3) a finding that the impairment is of such a severity that it can be reasonably expected to cause the pain alleged. *See, e.g.*, *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986); *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992).

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Appel,* 129 F.3d 1420, 1422 (11th Cir. 1997). Whether or not a claimant is represented by counsel, "the ALJ still has a duty to develop a full and fair record." *Brown v. Shalala,* 44 F.3d 931, 934 (11th Cir. 1995) (citing *Clark v. Schweiker,* 677 F.2d 399, 404 (5th Cir. 1981)). Where the duty is fulfilled and the claimant is

10

prejudiced by the evidentiary gaps in the record, the case must be remanded to the Commissioner for the development of a full record.  *Brown,* 44 F.3d at 935-36. The test for prejudice is whether the missing evidence would sustain a claim for disability.  *Id.*

Where the Appeals Council has denied review of an ALJ's decision, the reviewing Article III court may only consider evidence presented to the ALJ. *Falge v. Appel,* 150 F.3d 1320, 1323 (11th Cir. 1998).  However, the reviewing court is authorized to remand the case under sentence six of 42 U.S.C. § 405(g), called a "sentence six remand."  To remand a case under sentence six, the plaintiff must establish 1) the existence of new, noncumulative evidence, 2) a reasonable possibility that the new evidence would change the ALJ's decision, and 3) good cause for failure to submit the evidence to the ALJ in a timely manner.  *Falge*, 150 F.3d at 1323; *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

## IV.  Analysis

Although the ALJ provided an explanation of Plaintiff's impairments and outlined the reasons why the medical records failed to indicate that they rose to the level of disability, this Court must remand the Commissioner's denial of Plaintiff's benefits pursuant to Sentence Six of 42 U.S.C. § 405(g).   New, material evidence has been presented to the Court in Plaintiff's Motion to Remand. (Doc. 11.)

Specifically, Plaintiff has shown good cause that the ALJ should consider medical records from (1) Gadsden Regional Medical Center (Doc. 11, Ex. D), (2) Women's Wellness Center (*Id.*, Ex. E), (3) Doctors Medical Center of Walton County (*Id.*, Ex. F), (4) Baldwin County Mental Health Center (*Id.*, Ex. G), (5) Gadsden Psychological Services (*Id.*, Ex. H), (5) Dr. Jeanne Birkenhauer (*Id.*, Ex. I), (6) Dr. Daniel Prince (*Id.*, Ex. J.)

Accordingly, this Court need not reach whether the medical evidence of record actually entitles Plaintiff to benefits because it agrees with the Commissioner that a "reviewing court may not reweigh the evidence." *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11 th Cir. 1990).  However, it is under a continuing duty to ensure that the ALJ fully and fairly developed the record.  In the case *sub judice*, it is inconclusive as to whether this is so.

To remand a case under sentence six, the plaintiff must establish (1) the existence of new, non-cumulative evidence, (2) a reasonable possibility that the new evidence would change the ALJ's decision, and (3) good cause for failure to submit the evidence to the ALJ in a timely manner.  *Falge*, 150 F.3d at 1323; *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

This case is appropriate for a Sentence Six remand because a large portion of the records submitted in Plaintiff's Motion to Remand is certainly "new."  Only

the records from the Gadsden Regional Medical Center from 2005 (Ex. D) and the Women's Wellness Center/ Dr. Charles Svensson (Ex. E) predate the ALJ's decision on April 27, 2007, and neither the ALJ nor Plaintiff's prior counsel succeeded in obtaining these records at any time prior to the ALJ's decision.

Moreover, these records are not merely cumulative, and the Commissioner fails to argue otherwise. (*See generally* Comm'r.'s Br., Doc. 13.) Rather, they are highly material. Without outlining the findings in these admittedly voluminous new records, the opinions contained therein appear completely consistent with the diagnoses, objective medical tests, and notes contained in the current record from her treating physicians for the impairments giving rise to her disability claim.

Because the ALJ questioned Plaintiff's credibility (R. 15) by stating that her subjective allegations of pain were not supported by her history of treatment or by substantial medical findings (R. 14), these new records, which evidence her subjective allegations, are therefore highly material. For this reason alone, this is excellent cause to believe that an objective ALJ will change his decision if he gives these new and material records the deference to which they are entitled.

The Commissioner argues that Plaintiff's alleged lack of knowledge that she could submit new records fails to satisfy the "good cause" standard in the Eleventh Circuit. Foremost, the Commissioner argues that Plaintiff is disingenuous

13

because, at the close of the administrative hearing, the ALJ left the record open to receive additional evidence.  The ALJ informed plaintiff to "be sure and go to the doctor when you get your notice . . .and tell the doctor what your problems are." (R. 288-89.)

Commissioner's argument that Plaintiff was adequately informed of her rights to submit additional evidence after the hearing by this one statement in a paltry, sixteen-minute hearing strains credulity.  Moreover, Plaintiff was not represented by counsel after the hearing; therefore ,she had no legal counsel to aid her in interpreting the Notice of Decision which informed the Plaintiff that she "should submit any new evidence (she) wish to the Appeals Council to consider with (her) request for review.  (R. 7.)

To be sure, some of the newly submitted evidence existed prior to the administrative hearing and some did not.  The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *see also Hyde v. Bowen*, 823 F.d 456, 459 (11th Cir. 1987).  Moreover, in assessing whether plaintiff has shown good cause for submitting records that *did* exist at the time of the hearing, the Court is persuaded by *Digiovanni v. Apfel*, 1999 WL 33601325 (M.D. Fla. Feb. 8, 1999).  In *Apfel*, a claimant's prior counsel failed to obtain new reports and

14

once new counsel was retained, the new counsel immediately obtained the report and submitted it as soon as practicable. *Id.* at \*5. The Court opined–and we agree–that "Plaintiff should not be denied an opportunity for the ALJ and Appeals Council to fairly review his case based upon failure of initial counsel to obtain material evidence in his case." *Id.*

More likely than not, the additional records are highly relevant to Plaintiff's subjective complaints of disabling pain. This additional evidence also increases the body of record evidence regarding plaintiff's alleged mental impairments, upon which the ALJ can make a more informed determination as to the effect of the combination of plaintiff's multiple impairments on her overall condition.

## V.  CONCLUSION

Therefore, by separate order, the decision denying benefits will be remanded for a reconsideration pursuant to Sentence Six of 42 U.S.C. § 405(g).

Done the 30th day of April, 2008.

U.W. Clemon
United States District Judge

15